Peter J. Mintzer (SBN AK 0803009)
SELMAN BREITMAN LLP
600 University Street, Suite 1800
Seattle, WA 98101-4129
Telephone: 206.447.6461
Facsimile: 206.588.4185
pmintzer@selmanlaw.com

Attorneys for Plaintiff NAUTILUS
INSURANCE COMPANY

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKAN AT ANCHORAGE

| | |
|---|---|
| NAUTILUS INSURANCE COMPANY,<br><br>                         Plaintiff,<br><br>vs.<br><br>MIHEY BASARGIN, AND DOES 1 THROUGH 100, INCLUSIVE,<br><br>                         Defendants. | Case No.<br><br>**COMPLAINT FOR RESCISSION, OR IN THE ALTERNATIVE, REFORMATION, FOR DECLARATORY RELIEF, AND FOR REIMBURSEMENT** |

COMES NOW Plaintiff Nautilus Insurance Company ("Nautilus") and alleges as follows:

## PARTIES

1.    Plaintiff Nautilus is an Arizona corporation with its principal place of business in Scottsdale, Arizona, and is authorized to transact business as a surplus lines insurer in the State of Alaska.

2.    Nautilus alleges on information and belief that Defendant Mihey Basargin ("Basargin") is, and at all times relevant hereto, was a citizen and resident of the State of Alaska.

3.    Defendants DOES 1 through 100, inclusive, are sued herein by such fictitious names because Nautilus is unaware of the true names and capacities of said

DOE defendants. Nautilus will amend this Complaint to reflect the true names when the same are ascertained. Nautilus is informed and believes and thereon alleges that said DOE defendants are responsible for the acts, events, and circumstances alleged herein, or are interested parties to this action.

## JURISDICTION

4. This Court has jurisdiction over the subject matter of this action pursuant to 28 USC § 2201 because an actual controversy exists within the Court's jurisdiction that merits relief.

5. This Court also has jurisdiction pursuant to 28 USC § 1332(a) because the parties' citizenship is diverse and the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

6. This Court has personal jurisdiction over defendants, and each of them, as they have purposely availed themselves of the privilege of conducting activities within Alaska. Further, the underlying actions at issue arose out of defendants' activities in Alaska. Thus, it is reasonable for defendants to be subject to jurisdiction in Alaska.

## VENUE

7. Venue is proper in this judicial district pursuant to 28 USC § 1391 because the property for which defendant Basargin sought coverage is located in Homer, Alaska. As such, a substantial part of the events or omissions giving rise to these claims occurred here. Venue is also proper in this judicial district pursuant to 28 USC § 1391 because the defendant Basargin resides in Wasilla, Alaska and thus is subject to personal jurisdiction here. Venue is therefore proper pursuant to 28 UCS § 1391(b) and 28 USC § 1391(c).

## RENTAL SALES RECEIPTS

8. Nautilus is informed and believes and on that basis alleges that in or about August or September 2019, Basargin began renting a bay in a building located at 40165 Kent St., Homer, AK 99603 ("the Building") owned by Tatiana and Ivan Basargin ("the Landlord"). The Building contained three other bays, all of which were rented by other

tenants at the time of the loss at issue.

9. Basargin rented his bay by the month. Each month, the Landlord issued him a "Sales Receipt" for "Rental agreement for shop on Kent Rd."

10. The Sales Receipt includes the following:

"By signing below, Tenant agrees to all terms and to hold landlord harmless from any liability including; injuries, damage to his/her property, theft and any other losses. Tenant is responsible to [sic] any damage done to the premises leased. Tenant is required to maintain Commercial Liability Insurance at time of lease and the landlord must be named on the policy."

## **THE 2019 NAUTILUS POLICY**

11. On or about August 5, 2019, Homer Insurance Center Inc. submitted a Commercial Insurance Application for commercial general liability insurance ("CGL Insurance") on behalf of and with the approval of the applicant, Basargin (the "Application").

12. The Application was submitted to Superior Underwriters – GSU Insurance Services ("Superior"), who acted as the underwriting agent for Nautilus with the authority to underwrite CGL Insurance policies for Nautilus.

13. The primary method through which Superior determined whether or not to extend CGL Insurance coverage was to require that an applicant fill out the application, which included questions regarding the nature and scope of the applicant's business.

14. The Application was for a policy with a proposed effective date of August 6, 2019 and a proposed expiration date of August 6, 2020. Under the "NATURE OF BUSINESS/DESCRIPTION OF OPERATIONS BY PREMISE(S)" section of the Application, it states as follows: " TENANT RENTING FROM IVAN & TATIANA BASARGIN - DOING BOAT REPAIR." No mention was made that the insured was in the business of building boats.

15. Under the PREMISES INFORMATION section of the Application, "Loc #1" is listed as: "40165 KENT ST. HOMER, AK 99603."

16. Under the SCHEDULE OF HAZARDS section of the Application, the Application lists two hazards for Location 1. The first states: "PREM LIABILITY FOR BOAT REPAIR," CLASS CODE "91235,' PREMIUM BASIS "PAYROLL," EXPOSURE "1 OWNER." The second states: "LANDLORD A/I," CLASS CODE "49950," PREMIUM BASIS "ONE EA."

17. The Application's "GENERAL INFORMATION" section asked the following question:

"ANY EXPOSURE TO FLAMMABLES, EXPLOSIVES, CHEMICALS?"

Basargin answered "N" for no.

18. The Application's general liability section asked the following question:

"RESEARCH AND DEVELOPMENT CONDUCTED OR NEW PRODUCTS PLANNED?"

Basargin answered "N" for no.

19. Superior accepted the risk per the representations made in the application. It issued a binder on August 7, 2019 containing a Business Description of "Personal Boat Repair." On August 9, it issued a Certificate of Insurance that included a Description of Operations of "PERSONAL BOAT REPAIR."

20. In reliance upon the truthfulness and accuracy of the statements made in the Application, Superior issued Policy Number NN1021718 to Basargin (the "Policy"), which was underwritten by Nautilus. A true and correct copy of the Policy is incorporated and attached as Exhibit 1.

21. The Business Description in the Policy is "Personal Boat Repair" and the relevant CGL classification code is 91235 - "Premises Liability for Boat Repair/Servicing R/A Boat Repair and Servicing".

## THE UNDERLYING CLAIM

22. On February 14, 2020, a fire destroyed the premises. The fire burned the contents and interior of three of the building's four bays, including the bay rented to Basargin, and damaged the fourth.

23. The fire department's report on the fire states: "Multiple 55 gallon drums of Resin and Acetone were found inside of first three bays and had signs of burn off, explosion and BLEVE [boiling liquid expanding vapor explosion]." Basargin rented one of the first three bays. The fire department report also states: "[i]nterviews showed a significant amount of Fiberglass/Resin application throughout the day prior to the fire." The report further lists "adhesive, resin, tar" under "on-site materials or products."

24. Fiberglass resin and the material used to apply it are highly flammable.

25. On or about February 18, 2020 the Landlord made a pre-litigation demand against Basargin for damages to the Building in excess of that covered by Landlord's first party insurance policy and for damage to his equipment in Basargin's possession. One or more of the Building's other tenants also made pre-litigation claims against Basargin for damages resulting from the fire.

## FIRST CLAIM FOR RELIEF
### *(Rescission of the Policy)*

26. Nautilus repeats and incorporates by reference all preceding paragraphs above, in their entirety, as though fully set forth herein.

27. Under Alaska law, an insurer may deny coverage for misrepresentations made in an application. AS § 21.42.110. That statute provides:

> All statements and descriptions in an application for an insurance policy or annuity contract, or in negotiations for the policy or contract, by or in behalf of the insured or annuitant, shall be considered to be representations and not warranties. Misrepresentations, omissions, concealment of facts, and incorrect statements may not prevent a recovery under the policy or contract unless either

(1) fraudulent;

(2) material either to the acceptance of the risk, or to the hazard assumed by the insurer; or

(3) the insurer in good faith would either not have issued the policy or contract, or would not have issued a policy or contract in as large an amount, or at the same premium or rate, or would not have provided coverage with respect to the hazard resulting in the loss, if the true facts had been made known to the insurer as required either by the application for the policy or contract or otherwise.

28. During the investigation of the fire claims, Basargin stated he was building a boat from a mold. Basargin's employees also stated they were working on building a fiberglass hull for a boat from a mold.

29. The Application for the Policy, however, states that Basargin's business is "doing boat repair." It was completed using a Class Code of 91235, which is the Commercial General Liability Classification Code for "Premises Liability for Boat Repair/Servicing R/A Boat Repair and Servicing." The Application makes no mention of any boat building operations.

30. The proper CGL classification code for a boat building risk is 51400.

31. During the investigation of the fire claims, Nautilus learned Basargin's bay contained flammable chemicals used to make fiberglass, including one or more 55-gallon barrel(s) of resin or acetone.

32. The Application asked Basargin if there is "ANY EXPOSURE TO FLAMMABLES, EXPOSLIVES, CHEMICALS?" Basargin answered no. It also asked if new products were planned. Basargin again answered no.

33. Policy NN1021718 was issued to Basargin. (Exhibit 1.)

34. The Policy's Business Description is "Personal Boat Repair." The relevant CGL classification code is 91235 - "Premises Liability for Boat Repair/Servicing R/A Boat Repair and Servicing".

35. Nautilus reasonably relied upon the representations in the Application at

the time it issued a policy to Basargin.

36. The Policy was issued as a result of Basargin's material concealment of facts, misrepresentations, omissions and/or incorrect statements in the Application. Nautilus was informed that it would be insuring a boat repair business under the Policy, not a business building boats from scratch. The Application informed Nautilus that Basargin was repairing existing personal boats without exposure to flammables or chemicals. Had Nautilus known that Basargin was in fact building boats, including fabricating the boat's complete fiberglass hull from an existing mold using a significant amount of flammable chemicals, such as resin, it would not have the issued the policy. Further, if it did issue a policy, it would not have issued it in as large an amount, or at the same premium or rate. Basargin's misrepresentations, concealments, omissions and/or incorrect statements, thus were material to Nautilus' acceptance of the risk and the hazard assumed under the Policy.

37. As a result of Basargin's material misrepresentations, concealment of facts, omissions and/or incorrect statements, Nautilus was not aware at the time it issued the Policy that Basargin was building boats, including fabricating the hulls using flammable chemicals. Accordingly, Nautilus was not advised of the full risk it was insuring under the Policy.

38. Nautilus became aware of Basargin's material misrepresentations, concealment of facts, omissions and/or incorrect statements after Landlord submitted a claim against Basargin arising out of the February 14, 2020 fire when Nautilus investigated the loss.

39. As a result of Basgarin's material concealment, misrepresentations, omissions and/or incorrect statements, Nautilus is entitled to rescind the Policy.

40. Service of this pleading shall be deemed to constitute Nautilus' notice of its intent to rescind the Policy, and of its offer to repay the premium received for the Policy to Basargin.

## SECOND CLAIM FOR RELIEF
*(Alternatively, Reformation of the Policy)*

41. Alternatively, should this Court determine that the Policy will not be rescinded, Nautilus seeks a reformation of the Policy.

42. Nautilus repeats and incorporates by reference all preceding paragraphs above, in their entirety, as though fully set forth herein.

43. Nautilus and Basargin negotiated for and mutually agreed to the terms of the Policy to be issued to Basargin. The Purpose of the Policy was to insure Basargin's "BOAT REPAIR" business.

44. The Policy as issued is incorporated and attached as Exhibit 1. Basargin paid premium and Nautilus accepted the risk based on CGL classification code 91235 for a boat repair risk.

45. At the time of issuance of the Policy, Basargin did not inform Nautilus that he intended for the Policy to insure Basargin's boat building activities. Nor did he inform Nautilus that his boat building activities included fabricating the fiberglass hull of boats from a mold using flammable chemicals.

46. Nautilus discovered the true intentions of Basgarin with respect to the Policy after the loss.

47. Nautilus will suffer prejudice and/or pecuniary loss unless the Policy is reformed to confirm the true nature of Basargin's business, a boat building risk under CGL classification code 51400 with premium rated based on gross sales, as opposed to a boat repair business under CGL classification code 91235. Accordingly, Nautilus seeks an order of reformation stating that the Policy is rated as a boat building risk under CGL classification code 51400 with premium rated based on gross sales, and that Basgarin owes the difference in premium. The policy should be reformed to state that boat building activities are excluded from coverage.

# THIRD CLAIM FOR RELIEF
*(Declaratory Relief Against All Defendants)*

48. Nautilus repeats and incorporates by reference all preceding paragraphs above, in their entirety, as though fully set forth herein.

49. As a result of Basargin's material concealment of facts, misrepresentation, omissions and/or incorrect statements the true risk of the exposure faced by Nautilus in connection with its issuance of the Policy, the Policy is subject to rescission.

50. Alternatively, the Policy is subject to reformation in order to confirm that it is issued to a business with a CGL Classification code of 51400 boat building risk rather than the 91235 boat repair risk.

51. Nautilus is informed and believes and thereon alleges that Basargin contends that the Policy is not subject to rescission and affords coverage for the claims against him arising out of the fire loss. Nautilus is further informed and believes and thereon alleges that Basargin contends the Policy should have a CGL classification code of 91235 and was properly issued as a boat repair risk.

52. An actual, present, and bona fide controversy now exists between Nautilus and Basargin regarding their respective rights, duties, and obligations under the Policy with respect to the fire related claims and rescission.

53. Nautilus has no adequate remedy at law to resolve the controversy.

54. A judicial declaration is necessary to establish the parties' rights and duties with respect to the Policy.

55. Nautilus seeks a declaration that the Policy is subject to rescission, extinguished ab initio, and void and unenforceable from the outset.

56. Alternatively, Nautilus seeks an order of reformation stating that the Policy insured Basgarin's business as a boat builder's risk.

57. Further, Nautilus seeks a declaration that it may withdraw its defense of Basgarin in regards to the fire loss, including in the pre-litigation claims filed against him.

## FOURTH CLAIM FOR RELIEF
*(Reimbursement)*

58. Nautilus repeats and incorporates by reference all preceding paragraphs above, in their entirety, as though fully set forth herein.

59. Nautilus issued the Policy as a result of Basargin's concealment, misrepresentations, omissions and incorrect statements in the Application for insurance. If Nautilus had known the true facts, it would not have issued the Policy.

60. Rescission of the Policy places each party into the position each party was in prior to the issuance of the Policy.

61. As the Policy is subject to rescission, Nautilus never had an obligation to defend or indemnify Basgarin under the Policy inasmuch as the Policy is considered void ab initio, i.e. as if the Policy never existed as a matter of law.

62. Nautilus is entitled to reimbursement for the amounts paid in defending and indemnifying the parties, plus pre-judgement interest

DATED this 7th day of December, 2020.

SELMAN BREITMAN LLP

*/s/ Peter J. Mintzer*
Peter J. Mintzer, (SBN AK 0803009)
Selman Breitman LLP
600 University Street, Suite 1800
Seattle, WA 98101
Telephone: 206.447.6461
pmintzer@selmanlaw.com
Attorneys for Plaintiff NAUTILUS INSURANCE COMPANY